IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Danielle Thomas SLAUGHTER and Robert SLAUGHTER, as parents and natural guardians of A.T.S., G.T., and C.T., minors, | Civil No. 17-6767 (RBK/KMW) |
| Plaintiffs, | **OPINION** |
| v. | |
| Marcelina J. MOYA, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiffs' Motion for Default Judgment. (ECF No. 7.) The motion is unopposed. This Court previously ordered Defendants to produce an affidavit in accordance with 50 U.S.C. § 3931 and dismissed the prior motion without prejudice, with leave to reinstate it once a suitable affidavit of non-military service was provided. Plaintiffs have since provided a suitable affidavit, and the Court will now consider the motion. The Court finds Plaintiffs are entitled to default judgment. Their motion is **GRANTED**.

I.   BACKGROUND

This negligence action arises from a car crash on September 10, 2015 in Cape May County, New Jersey. (Compl., ¶ 1.) Plaintiffs allege Defendant was using a cell phone while driving, causing her to become distracted and to crash into the rear of Plaintiffs' car. (*Id.*, ¶¶ 11–18.) As a result, Plaintiffs—Danielle and Robert Slaughter, and their minor children—were injured. (*Id.* ¶¶ 22–62.) Danielle and Robert Slaughter both allege this accident injured their backs and that their

1

children, some of whom are severely disabled, were also injured. (*Id.*) Plaintiffs seek compensatory damages for their injuries, and Danielle and Robert Slaughter also seek damages for loss of consortium. (*Id.*)

Plaintiffs filed this action on September 5, 2017, and effected service on December 14, 2017. After issuing a call of dismissal on December 8, 2017, the Clerk of Court entered default on January 11, 2018. Plaintiff moved for default judgment on April 20, 2018. We ordered Plaintiffs to produce a suitable affidavit of non-military service in accordance with 50 U.S.C. § 3931 and dismissed the prior motion without prejudice. Plaintiffs produced that affidavit, and we now reinstate the motion. Defendant has not filed anything in this matter.

**II.    STANDARD**

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt a plaintiff's legal conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, Civ. No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before

deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

### III. DISCUSSION

#### A. Jurisdiction

The Court must first determine whether it has both subject-matter jurisdiction over Plaintiffs' cause of action and whether it may exercise personal jurisdiction over Defendant. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, Civ. No. 09-3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

This Court has subject-matter jurisdiction. Plaintiffs allege in excess of $75,000 in damages. They are Pennsylvania citizens, while Defendant is a New Jersey citizen. The parties are therefore completely diverse and meet the amount-in-controversy requirement of 28 U.S.C. § 1332, thereby satisfying this Court's subject-matter jurisdiction.

The Court may also exercise personal jurisdiction over Defendant, as she is a New Jersey citizen residing in the state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).

#### B. Entry of Default

The Court must next ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Defendant's boyfriend, a co-resident, was served with a summons in September 2017, thereby satisfying Rule 4. *See* Wright & Miller, Federal Practice & Procedure § 1096 (4th ed.). The Court finds that the Clerk appropriately entered default under Rule 55(a) on January 11, 2018.

3

### C. Fitness of Defendant

The Court must also confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C.A. § 3931 (codification of the Servicemembers Civil Relief Act of 2003). Defendant is an adult natural person—not an infant or incompetent person. Furthermore, Plaintiffs have included an affidavit, together with a status report from the U.S. Department of Defense, stating that Defendant is not presently in military service and currently resides at her New Jersey home. Rule 55(b)(2) and 50 U.S.C.A. § 3931 are satisfied.

### D. Plaintiffs' Cause of Action

The Court must determine whether Plaintiffs' complaint states a proper cause of action against Defendant. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See DirecTv, v. Asher*, Civ. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright & Miller, *supra*, § 2688, at 58–59 (3d ed. 1998)).

To sustain a cause of action for negligence under New Jersey law, Plaintiffs must establish four elements (1) a duty of care, (2) a breach of that duty, (3) proximate causation, and (4) actual damages. *Townsend v. Pierre*, 221 N.J. 36, 51 (2015). Plaintiffs have adequately pleaded this. By driving while looking at her cell phone, Defendant breached her duty of care and proximately caused Plaintiffs' injuries. Because Danielle and Robert Slaughter both allege their spouse has been injured, they have also adequately pleaded loss of consortium. *See Katz v. Rooney*, No. CV 16-5188 (RBK), 2017 WL 5725052, at *4 (D.N.J. Nov. 27, 2017) (citing *Rex v. Hunter*, 26 N.J. 489 (1958) (an "action by a husband for consequential damages as a result of injury to wife is only

maintainable by reason of wife's personal injury, and depends upon and is incidental to her action")).

    E. *Emcasco* **Factors**

Finally, Third Circuit precedent requires that this Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). *But see Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 50 (3d Cir. 2003) (expressing skepticism that *Chamberlain*'s use of factors previously reserved for the *setting aside* of default judgment is appropriate for the *entry* of default judgment). The Court considers: (1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp., Inc. v. Beech Hill Co.*, Inc., Civ. No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr. 18, 2011) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). The Court finds that all three factors favor granting default judgment.

First, Defendant has not articulated a cognizable meritorious defense. Defendant has failed to respond or defend herself. Second, because Defendant has failed to appear, Plaintiffs suffer prejudice if they do not receive a default judgment because they have no other means of vindicating their claim. *See Asher*, 2006 WL 680533, at *2. Third, Defendant's failure to properly respond permits, but does not compel, the Court to draw an inference of culpability on her part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000)). The *Emcasco* factors therefore weigh in favor of entering default judgment.

### F. Damages

Federal Rule of Civil Procedure 55(b)(1) provides:

> When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.

Fed. R. Civ. P. 55(b)(1). Where the plaintiff's claim is not for a "sum certain," only the Court may assess damages and enter judgment upon the default. And where the measure of damages is not readily ascertainable from the pleadings and the affidavit of amount due, a hearing may be necessary to determine the extent of damages. *See, e.g.*, *Systems Industries, Inc. v. Han*, 105 F.R.D. 72, 75 (E.D. Pa. 1985).

The Court finds that it will be necessary to conduct an evidentiary hearing to ascertain the extent of damages in this case. Default judgment will be entered but a hearing will be scheduled for the assessment of damages.

### IV. CONCLUSION

Entry of default judgment is left primarily to the discretion of the district court. For the reasons discussed above, the Court finds that default judgment is appropriate. An order follows.

Dated:　August 6, 2018　　　　　　　　　　　　　　　/s Robert B. Kugler
　　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge